*530 The opinion of the Court was read by Putnam J., at the sit^ngs a^er this term, as drawn up by
Parker C. J.
If it appeared in this case that the defendant knew that the land of the debtor was under mortgage, so that his return would necessarily prove that he attached only the right of redemption, the jury would have been rightly instructed by the Court as to his liability. When chattels are attached, the officer is bound, on receiving the execution within thirty days after judgment, to satisfy it out of the chattels, without any special, directions from the creditor ; for the goods attached are presumed to be in the possession or control of the officer, and the presence of the creditor is not necessary to enable him to convert the goods into money. And the same reason exists where the property attached is an equity or right to redeem land mortgaged, for the officer may proceed to execute bis precept without the presence of the creditor. And he is bound to suppose that the creditor intends to get satisfaction of his debt out of the property he has caused to be attached, unless the contrary is shown to the officer.
In the case of land, the rule is different, because nothing can be done by the officer, without the agency of the creditor, who is to show the land to the appraisers, is to appoint one of them, and is to receive seisin in order to complete his title ; so that, unless the creditor, or some one authorized to act in his behalf, be present, the officer cannot proceed. But the return of the officer upon the writ does not show that he had attached an equity only, for the terms made use of would sufficiently express an attachment of the land itself; and, indeed, the same form is frequently used, where it may be uncertain whether the land is under incumbrance or not. In order, then, to charge the officer with neglect in not taking and selling the right of redemption, the jury ought to have been satisfied that he knew that the land was under mortgage, so that nothing but the equity could be attached ; for the officer is not bound to search the records to ascertain this fact. We think, then, that to make the ^diractáo'fi of the judge correct, the jury ought to have been in structed to take the evidence on this point into consideration.
¿Vete trial granted at the bar of this Court.